Filed 4/29/13  P. v. Batiste CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>ROBERT MICHAEL BATISTE,<br><br>　　Defendant and Appellant. | G047298<br><br>(Super. Ct. No. 10WF0460)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donohue, Judge.  Affirmed.

Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

*　　　*　　　*

Defendant Robert Michael Batiste drove to a parking lot of a bookstore, parked, and walked away. A police officer watching the store approached him and, with defendant's permission, patted him down. The officer found a methamphetamine pipe and a key to the car, which was determined to be stolen. A jury convicted defendant of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)). He admitted two prison priors (Pen. Code, § 667.5, subd. (b)), a previous conviction for violating Vehicle Code section 10851, and a prior serious felony conviction (Pen. Code, §§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)(1)), following which the trial court sentenced him to six years in prison and struck the prior prison terms.

In our prior opinion, *People v. Batiste* (Feb. 22, 2012, G044410) [nonpub. opn.]), we conditionally reversed the judgment and remanded the case to conduct a hearing and review the arresting officer's personnel files under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. The court conducted in camera proceedings but found nothing discoverable and reinstated the judgment.

Defendant requests, without objection from the Attorney General, that we independently review the in camera proceeding. (See *People v. Prince* (2007) 40 Cal.4th 1179, 1285.) We have done so and conclude the sealed record discloses no information pertinent to the issues raised by defendant's motion. With a court reporter present, the court described the documents it reviewed and questioned the custodian of records about the officer's personnel files relating to honesty and credibility or unlawful search and seizures, as well as documents "deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229.) It also photocopied certain documents and placed them in a confidential file. (*Ibid*.) Based on our de novo review, the court did not abuse its discretion in denying defendant's motion.

The judgment is affirmed.

                        RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

MOORE, J.